IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REGISTERED AGENTS, LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> REGISTERED AGENT, INC., ) <br> ) <br> Defendant. ) | Civ. No. 11-775-SLR |

Chad S.C. Stover, Esquire, Christina M. Hillson, Esquire, and Jennifer Fraser, Esquire of Connolly, Bove, Lodge & Hutz, Wilmington, Delaware. Counsel for Plaintiff.

Sean T. O'Kelly, Esquire of O'Kelly, Ernst, Bielli & Wallen, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

Dated: July 31, 2012
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Registered Agents, Ltd. ("RAL" or "plaintiff") filed this action against defendant Registered Agent, Inc. ("RAI" or "defendant") on September 2, 2011. (D.I. 1) Plaintiff alleges six causes of action: (1) trademark ("Mark") infringement under Section 32(1) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*; (2) use of false designations of origin in commerce and false advertisement, under Section 43(a) of the Lanham of Act of 1946, as amended, 15 U.S.C. § 1125(a); (3) unfair competition under Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a); (4) statutory unfair competition under the Delaware Uniform Deceptive Trade Practices Act, 6 Del. C. § 2531 *et seq.*; (5) common law unfair competition under the common law of the State of Delaware; and (6) unjust enrichment under the common law of the State of Delaware. (D.I. 1 at ¶ 1) Currently before the court is defendant's motion to dismiss for lack of personal jurisdiction and plaintiff's request for a period of jurisdictional discovery. (D.I. 6; D.I. 8 at 6) For the following reasons, defendant's motion is granted and plaintiff's request is denied.

## II. BACKGROUND

### A. The Parties

Plaintiff is a "small business incorporation solution expert," offering, among other things, corporate headquarters services and other new entity services. (D.I. 1 at ¶ 5) Plaintiff has been operating as a Delaware corporation with a principal place of

business in Wilmington, Delaware since 1979.[1] (*Id.*; D.I. 8 at 1)

Defendant offers services similar to plaintiff's, namely, assisting third parties with corporate headquarters services and other new entity services. (D.I. 1 at ¶ 6; D.I. 7 at Ex. 1) Defendant registered as a Nevada corporation on August 31, 2009, and has since maintained a principal place of business in Carson City, Nevada. (D.I. 7 at Ex. 1) Whereas plaintiff provides services in all fifty states (D.I. 1 at ¶ 11), defendant's business is aimed only at servicing its clients' Nevada corporate filing needs. (D.I. 7 at 6, Ex. A)

### B. Underlying Facts

In its complaint, plaintiff asserts that the court may exercise personal jurisdiction over the non-resident defendant because:

> Defendant transacts business in Delaware, directs advertising into Delaware, enters into contracts to supply services and/or products in Delaware, with Delaware entities and citizens, and has purposefully availed itself of the privilege of conducting activities in Delaware.

(D.I. 1 at ¶ 3) Plaintiff supports these jurisdictional allegations in its answering brief with three factual assertions: (1) 51 of defendant's 7,719 clients are Delaware corporations (D.I. 8 at 4; D.I. 7 at 3); (2) defendant mailed two solicitous letters bearing the allegedly infringing Mark to a Delaware address, offering services to a Delaware corporation (D.I. 1 at ¶ 8; D.I. 10 at 3 n. 1); and (3) defendant maintains a commercially interactive website that is accessible throughout the United States, including within Delaware. (D.I. 1 at ¶ 7; D.I. 7 at Ex. A)

---

[1] On January 1, 2011, American Incorporators Ltd. ("AIL") became plaintiff's new parent company. (D.I. 4)

2

### 1. Defendant's Delaware clients

Defendant, offering to provide its services solely in Nevada, has 7,719 clients. (D.I. 7 at Ex. 1) Of these 7,719 clients, 51 are Delaware corporations which conduct some form of business within Nevada. (*Id.*) Of these 51 Delaware clients, none maintain a Delaware mailing address. (*Id.*) Out of defendant's total client base, one client, a Nevada corporation, maintains a Delaware mailing address. (*Id.*)

### 2. Defendant's letters to a Delaware corporation

On October 14, 2010 and again on May 19, 2011, defendant mailed solicitations to a Delaware corporation, Technorads, Inc. ("Techno") at a Delaware address. (D.I. 1 at ¶ 8; D.I. 8 at Ex. 2) Both of these letters were sent from Carson City, Nevada. (D.I. 8 at Ex. 2) Both defendant's letters and briefs indicate that it believed Techno had some kind of Nevada registration or licensing that had expired. (*Id.*) Each of defendant's letters to Techno offered to bring Techno's expired Nevada paperwork up to date. (*Id.*) The record does not reveal any return communications from Techno to defendant or that Techno and defendant have ever conducted any business.

### 3. Defendant's website

Defendant maintains a website - www.registeredagentinc.com - that is available throughout the 50 states, including Delaware. (D.I. 1 at ¶ 7; D.I. 7 at Ex. A) Defendant's website serves two purposes: (1) to inform businesses about the "low tax climate" in Nevada; and (2) to explain how defendant's services can help businesses register or incorporate in Nevada so that they can take advantage of this "low tax climate." (D.I. 7 at Ex. A) Specifically, defendant's website explains that they "are able

3

to provide [the client] with all [the client's] filing needs **in Nevada**." (*Id.*) (emphasis added) The website does allow companies to interact with defendant by ordering information about "Corporate Headquarters" (D.I.8 at 4), but the majority of the website merely repeats the same information about Nevada's "low tax climate" on several different pages. (D.I. 7 at Ex. A)

### 4. Plaintiff's other jurisdictional claims

Plaintiff's complaint also alleges that "at least one former RAL client has registered with RAI . . . in response to a RAI solicitation." (D.I. 1 at ¶ 8) Defendant's motion to dismiss denies this assertion and plaintiff's answering brief does not bring forth any factual evidence or make any further allegations on this score. (D.I. 7 at ¶ 6)

## III. STANDARD OF REVIEW

Rule 12(b)(2) directs the court to dismiss a case when the court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). When reviewing a motion to dismiss pursuant to Rule 12(b)(2), a court must accept as true all allegations of jurisdictional fact made by the plaintiff and resolve all factual disputes in the plaintiff's favor. *Traynor v. Liu,* 495 F. Supp. 2d 444, 448 (D. Del. 2007). Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing, with reasonable particularity, that sufficient minimum contacts have occurred between the defendant and the forum to support jurisdiction. *See Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 437 (3d Cir. 1987). To meet this burden, the plaintiff must produce "sworn affidavits or other competent evidence," since a Rule 12(b)(2) motion

"requires resolution of factual issues outside the pleadings." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984).

To establish personal jurisdiction, a plaintiff must produce facts sufficient to satisfy two requirements by a preponderance of the evidence, one statutory and one constitutional. *See id.* at 66; *Reach & Assocs. v. Dencer*, 269 F. Supp. 2d 497, 502 (D. Del. 2003). With respect to the statutory requirement, the court must determine whether there is a statutory basis for jurisdiction under the forum state's long-arm statute. *See Reach & Assocs.*, 269 F. Supp. 2d at 502. The constitutional basis requires the court to determine whether the exercise of jurisdiction comports with the defendant's right to due process. *See id.*; *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Under the Due Process Clause, a defendant is subject to the jurisdiction of a federal court only when the defendant's conduct is such that it should "reasonably anticipate being haled into court there." *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Personal jurisdiction over a nonresident defendant is proper when either specific or general jurisdiction exists. *See Dollar Sav. Bank v. First Sec. Bank of Utah, N.A.*, 746 F.2d 208, 211 (3d Cir. 1984). "Specific personal jurisdiction exists when the defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities.'" *BP Chems. Ltd. v. Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000) (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). General jurisdiction exists when the defendant's contacts with the forum are

"requires resolution of factual issues outside the pleadings." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984).

To establish personal jurisdiction, a plaintiff must produce facts sufficient to satisfy two requirements by a preponderance of the evidence, one statutory and one constitutional. *See id.* at 66; *Reach & Assocs. v. Dencer*, 269 F. Supp. 2d 497, 502 (D. Del. 2003). With respect to the statutory requirement, the court must determine whether there is a statutory basis for jurisdiction under the forum state's long-arm statute. *See Reach & Assocs.*, 269 F. Supp. 2d at 502. The constitutional basis requires the court to determine whether the exercise of jurisdiction comports with the defendant's right to due process. *See id.*; *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Under the Due Process Clause, a defendant is subject to the jurisdiction of a federal court only when the defendant's conduct is such that it should "reasonably anticipate being haled into court there." *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Personal jurisdiction over a nonresident defendant is proper when either specific or general jurisdiction exists. *See Dollar Sav. Bank v. First Sec. Bank of Utah, N.A.*, 746 F.2d 208, 211 (3d Cir. 1984). "Specific personal jurisdiction exists when the defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities.'" *BP Chems. Ltd. v. Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000) (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). General jurisdiction exists when the defendant's contacts with the forum are

"continuous and systematic," whether or not the contacts relate to the litigation. *See id.* (*quoting Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416 (1984)).

## IV. PERSONAL JURISDICTION

### A. Standard of Review

To establish personal jurisdiction, a plaintiff must show, by a preponderance of the evidence, that (a) "there is a statutory basis for jurisdiction under the forum state's long-arm statute" and (b) "the exercise of jurisdiction comports with the defendant's right to due process." *Boston Scientific Corp. v. Wall Cardiovascular Tech.*, 647 F. Supp. 2d 358, 364 (D. Del. 2009) (citations omitted). Pursuant to the relevant portions of Delaware's long-arm statute, 10 Del. C. § 3104 (c)(1) - (3), a court may exercise personal jurisdiction over a defendant when the defendant or its agent:

(1) Transacts any business or performs any character of work or service in the State;
(2) Contracts to supply services or things in this State;
(3) Causes tortious injury in the State by an act or omission in this State;

10 Del. C. § 3104(c)(1) - (3) (emphasis added). These three disputed sections of the long-arm statute require a showing of specific jurisdiction. *See Shoemaker v. McConnell*, 556 F. Supp. 2d 351, 354,55 (D. Del. 2008). If defendant is found to be within the reach of the long-arm statute, the court then must analyze whether the exercise of personal jurisdiction comports with due process, to wit, whether plaintiff has demonstrated that defendant "purposefully avail[ed] itself of the privilege of conducting activities **within the forum State**," so that it should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297

6

(1980) (citations omitted) (emphasis added). For the court to exercise specific personal jurisdiction consistent with due process, plaintiff's cause of action must have arisen from the defendant's activities in the forum State. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). For the court to exercise general personal jurisdiction consistent with due process, plaintiff's cause of action can be unrelated to defendant's activities in the forum State, so long as defendant has "continuous and systematic contacts with the forum state." *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1470 (D. Del. 1991).

## B. Analysis

Plaintiff alleges that defendant's Delaware contacts are sufficient for this court to exert personal jurisdiction over defendant. Plaintiff is first tasked with demonstrating "a statutory basis for jurisdiction under [Delaware's] long-arm statute." *Boston Scientific Corp.*, 647 F. Supp. 2d at 364 (alteration in original). Plaintiff has failed to demonstrate such a statutory basis of jurisdiction.

Plaintiff asserts three bases for personal jurisdiction under Delaware's long-arm statute: (1) defendant's 51 Delaware clients; (2) defendant's solicitation of business from a Delaware company; and (3) the tortious injury caused in Delaware by defendant's mailing letters with the allegedly infringing Mark into Delaware.[2]

Plaintiff alleges that defendant transacts business in Delaware and has entered into contracts to supply services in Delaware. Defendant does count 51 Delaware corporations as clients, but plaintiff does not allege that defendant has provided any

---

[2] Plaintiff does not assert that defendant's website may serve as a basis for personal jurisdiction under the long-arm analysis.

7

services to these Delaware clients within Delaware's borders or has entered into any contracts to do so in the future. Furthermore, defendant's website and sworn declaration indicate that defendant's services are only offered within Nevada.

Defendant has also on two occasions sent letters into Delaware, to a Delaware corporation (Techno) soliciting business. Both of these letters bear defendant's allegedly infringing Mark. The business solicited in these letters related to Techno's timely filing of paperwork with the Nevada State Department. Plaintiff does not allege that Techno ever responded to either of these two letters or that defendant and Techno have ever engaged in any course of business.

The court declines to accept plaintiff's jurisdictional allegations because plaintiff has failed to demonstrate any facts supporting personal jurisdiction under Delaware's long-arm statute. *See Boston Scientific Corp.*, 647 F. Supp. 2d at 363-364. Specifically, plaintiff has not asserted reasonably particular factual allegations indicating that specific jurisdiction under 10 Del. C. § 3104 (c)(1)-(3) is proper. *See Provident Nat'l Bank*, 819 F.2d at 437. While plaintiff insists that defendant's 51 Delaware clients bring defendant within reach of 10 Del. C. § 3104 (c)(1) or (2), plaintiff has failed to show that any part of defendant's business dealings with these Delaware clients has ever occurred in Delaware or even involves Delaware. *See Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (holding that subsection (c)(2) of the Delaware long-arm statute requires that service contracts must be for services performed in Delaware); *Applied Biosystems, Inc.*, 772 F. Supp. at 1466 (holding that subsection (c)(1) of the Delaware long-arm statute "requires that some act

must have actually occurred in Delaware."). To the contrary, defendant's website clearly explains that its services are only offered in Nevada and defendant's president has submitted a sworn declaration alleging that defendant only conducts business in Nevada. Plaintiff has not submitted any "sworn affidavits or other competent evidence" suggesting that defendant does business within Delaware. *Time Share Vacation Club*, 735 F.2d at 67 n.9.

Plaintiff's attempts to rely upon defendant's two letters to Techno as a means of demonstrating personal jurisdiction under 10 Del. C. § 3104 (c)(1-3) are equally unpersuasive. While defendant may have hoped to secure Techno's business in Nevada, defendant's letters were isolated solicitations, mailed from outside of Delaware, that did not result in any business either in Delaware or Nevada. In interpreting Delaware's long-arm statute, this court has consistently held that solicitations do not normally rise to the level of transacting business. *See Thorn EMI North America, Inc. v. Micron Technology, Inc.*, 821 F. Supp. 272, 274 (D. Del. 1993) (holding that, under Delaware's long-arm statute, "[m]ere solicitation does not arise to transacting business[.]"); *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp 1458, 1467 (D. Del. 1991) (holding that, under Delaware's long-arm statute, the shipment of goods into Delaware by common carrier does not constitute "transaction of business," especially when "the shipment was an isolated incident and no orders resulted from th[e] solicitation.") (*citing Moore v. Little Giant Industries, Inc.*, 513 F. Supp 1043, 1046 (D. Del. 1981)). Furthermore, this court has held that the act of mailing tortious material occurs where the material is mailed from, not where the

9

tortious injury is felt. *Sears, Roebuck & Co.*, 744 F. Supp. at 1294 (holding that, under Delaware's long-arm statute, "[t]he 'act' of mailing, for purposes of subsection (c)(3), is complete when the material is mailed," even if the mailed material causes tortious injury within Delaware.).

In sum, defendant's solicitations do not bring it within reach of Delaware's long-arm statute, and plaintiff has failed to present any facts showing that defendant transacts, or has contracted to transact, any business within Delaware. Therefore, even broadly construing 10 Del. C. § 3104 (c) as "[conferring] jurisdiction to the maximum extent possible under the due process clause[,]" plaintiff has failed to bring defendant within reach of Delaware's personal jurisdiction. *LaNuova D & B, S.p.A. v. Bowe Co., Inc.*, 513 A.2d 764, 768 (Del. 1986).

Because plaintiff cannot satisfy the statutory basis for personal jurisdiction, the court need not reach the constitutional due process prong of the personal jurisdiction analysis. In any event, because the Delaware long-arm statute confers the identical scope of jurisdiction as does the Due Process Clause, asserting personal jurisdiction over defendant would offend due process for the same reasons articulated above. Plaintiff fails to meet its burden with respect to defendant's motion to dismiss for lack of personal jurisdiction.

## V. JURISDICTIONAL DISCOVERY

### A. Standard of Review

Just as plaintiff has failed to advance sufficient facts to establish personal jurisdiction, plaintiff has also failed to advance sufficient factual allegations to justify

jurisdictional discovery. While a plaintiff shoulders the burden of demonstrating sufficient jurisdictional facts, "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (quoting *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997)). "[It] is well established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." *Id.* at 457 (*citing Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). "If a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the parties] and the forum state,' the plaintiff's right to conduct jurisdictional discovery should be sustained." *Id.* at 456 (*quoting Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). Jurisdictional discovery is "particularly appropriate where the defendant is a corporation." *Metcalfe v. Renaissance Marine, Inc.*, No. 08-1720, 2009 WL 1408523, at *9 (3d Cir. May 21, 2009). A court must determine whether certain discovery avenues, "if explored, might provide the 'something more' needed" to establish personal jurisdiction. *Toys "R" Us*, 318 F.3d at 456.

### B. Analysis

Plaintiff claims that it has pointed out "many indications that [defendant] is subject to personal jurisdiction in Delaware under the Delaware long-arm statute" and that these indications justify a period of jurisdictional discovery. (D.I. 8 at 7) However, jurisdictional discovery is only appropriate "[i]f a plaintiff presents factual allegations that

suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state[.]" *Toys "R" Us, Inc.*, 318 F.3d at 456. In this case, taking account of all of plaintiff's allegations, plaintiff has not presented sufficient factual allegations to justify a period of jurisdictional discovery.

As discussed above, to establish personal jurisdiction plaintiff points to a number of factors. However, in its argument for jurisdictional discovery, plaintiff only points to defendant's Delaware accessible website and the two letters that defendant sent to Techno. (D.I. 7 at 7)

Even taking a broad view of all of plaintiff's allegations throughout its briefing (despite the limited assertions put forth in its request for jurisdictional discovery), plaintiff has failed to assert, with reasonable particularity, facts showing that defendant might be subject to personal jurisdiction under Delaware's long-arm statute. Plaintiff has presented no evidence indicating that defendant conducts business within Delaware. Plaintiff has not alleged that defendant was in Delaware when the allegedly tortious material was mailed. Plaintiff has presented no evidence that defendant's services are available in any state other than Nevada. Even the two solicitous letters defendant sent to Techno in Delaware were for services to be rendered in Nevada, not Delaware.

To grant plaintiff's request for a period of jurisdictional discovery under such circumstances would be to allow plaintiff to "undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *Eurofins Pharma US Holdings*, 623 F.3d at 157. Therefore, the court will not allow jurisdictional discovery.

## VI. CONCLUSION

For the reasons discussed above, the court grants defendant's motion to dismiss for lack of personal jurisdiction and denies plaintiff's request for a period of jurisdictional discovery. An appropriate order shall issue.